NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VOLTAIX, LLC, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 09-142 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| NANOVOLTAIX, INC, | : | |
| | : | |
| Defendant. | : | |

THOMPSON, District Judge

This matter is before the Court upon Defendant NanoVoltaix, Inc.'s ("NanoVoltaix") Motion to Dismiss for lack of personal jurisdiction and Defendant NanoVoltaix's Motion to Strike portions of Mr. Pikulin's declaration. The Court has taken into consideration the submissions of the parties in connection with the Motion to Dismiss as well as their submissions in connection with the Motion to Strike. For the reasons set forth below, the Court finds that it lacks personal jurisdiction over this case.

I.   Background

   A.   Initial Action

On January 12, 2009, Plaintiff Voltaix, LLC ("Voltaix"), a Delaware corporation with its principal place of business in New Jersey, filed an action against Defendant NanoVoltaix in the United States District Court for the District of New Jersey. Plaintiff's complaint alleged that NanoVoltaix had engaged in unfair competition and had infringed on Voltaix's trademark

"VOLTAIX" in violation of federal and state law by adopting a name and mark which may be confused with VOLTAIX. Defendant NanoVoltaix is a Delaware corporation with its principal place of business in Arizona. Plaintiff effected service on Defendant NanoVoltaix on May 8, 2009 by delivering a copy of the Summons and Complaint on Jacqueline A. Criswell, authorized agent of NanoVoltaix.

### B.  Motion to Dismiss for Lack of Personal Jurisdiction

On May 27, 2009, Defendant NanoVoltaix filed a Motion to Dismiss for lack of personal jurisdiction. Defendant asserts that it lacks any contacts with New Jersey which would provide this Court with personal jurisdiction over Defendant, and that continuation of this action would result in a violation of Defendant's Due Process rights. It is undisputed that NanoVoltaix does not have an office, employees, mailing address, or own property in New Jersey. Plaintiff has not alleged that any representatives of NanoVoltaix have ever traveled to New Jersey for business purposes, or that NanoVoltaix has engaged in any transactions with New Jersey residents.

NanoVoltaix does operate a website, www.NanoVoltaix.com, which it uses to advertise and promote its products to customers across the nation, including in New Jersey. In addition, Plaintiff has alleges that a principal of Defendant NanoVoltaix, Henk de Waard, is a former employee of an Arizona based company, ASM America, Inc. ("ASM"), which has a long-standing business relationship with Plaintiff Voltaix. Plaintiff alleges that as an employee of ASM, Mr. de Waard would have been aware of Voltaix, its goods and services, its place of principal business in New Jersey, and its use of the mark VOLTAIX.[1]  Plaintiff asserts that Mr.

---

[1] In a Motion to Dismiss for lack of personal jurisdiction, a court will accept plaintiff's allegations as true, and resolve any factual disputes in favor of the non-moving party. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). This includes all factual disputes created by affidavits, depositions, and other documents submitted for the court's consideration. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004) ("A Rule 12(b)(2) motion

de Waard's knowledge and position within NanoVoltaix establish that NanoVoltaix intentionally engaged in tortious activity expressly aimed at a New Jersey resident, resulting in harm felt primarily in New Jersey, and thereby establishing sufficient contacts with New Jersey to justify the exercise of personal jurisdiction in this specific case.

### C. Motion to Strike

In addition, on July 27, 2009, Defendant NanoVoltaix filed a Motion to Strike portions of the declaration of Michael Pikulin, Senior Vice President of Voltaix, which was submitted by Plaintiff Voltaix in support of its Opposition to Defendant's Motion to Dismiss. Defendant asserts that several of the statements made by Mr. Pikulin are not based on personal knowledge, and that these statements are not competent evidence to be considered by this Court.

## II.     Analysis

Given these facts, the Court finds that it lacks personal jurisdiction over this case. If an issue is raised regarding whether the court has personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Plaintiff need only present a prima facie case for the exercise of personal jurisdiction. *Toys "R" Us*, 318 F.3d at 456. This requires plaintiff to allege with "reasonable particularity" facts that would establish sufficient contacts between the defendant and the forum. *Id*. Rule 4(k) of the Federal Rules of Civil Procedure provides that proper service establishes

---

is inherently a matter which requires resolution of factual issues outside the pleadings . . . . [P]laintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."). Defendant has raised evidentiary issues in its Motion to Strike regarding several statements made in Mr. Pikulin's declaration, submitted by Plaintiff in support of its Opposition to Defendant's Motion to Dismiss for lack of personal jurisdiction. Even if all of Mr. Pikulin's statements are accepted as true, this Court still finds that Defendant has insufficient contacts with New Jersey to exercise personal jurisdiction over Defendant.

personal jurisdiction over a non-resident defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.  Fed. R. Civ. P. 4(k)(1)(A).  This Court must therefore refer to the laws of New Jersey to determine if personal jurisdiction exists.

A court must typically engage in a two-step inquiry to determine if personal jurisdiction exists.  First, a court must look to the relevant New Jersey long-arm statute to see if it allows for the exercise of personal jurisdiction under the circumstances.  Second, a court must consider whether exercising jurisdiction would violate the precepts of the 14th Amendment's Due Process Clause.  For district courts within New Jersey, this two-step test is collapsed into a single inquiry because New Jersey's long-arm statute allows the exercise of personal jurisdiction to the limits set by the Due Process Clause.  *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

In *Calder v. Jones*, 465 U.S. 783 (1984) the Supreme Court held that personal jurisdiction over nonresident defendants is proper if they had "committed an intentional tort outside the forum, the unique effects of which caused damages to the plaintiff within the forum," despite the absence of any other contacts.[2]  *IMO*, 155 F.3d at 256.  The Third Circuit has adopted a three-part test that a plaintiff must satisfy to demonstrate personal jurisdiction under the *Calder* "effects test."  First, defendant must have committed an intentional tort.  Second, plaintiff must have felt the brunt of the harm in the forum, such that the forum can be said to be the focal point

---

[2] For purposes of jurisdictional analysis, claims of trademark infringement may be treated as an intentional tort.  *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 263-65 (3d Cir. 2008) (noting plaintiff's contention that *Calder* "effects test" be applied to trademark infringement but questioning whether conduct in that case was intentional); *IMO*, 155 F.3d at 264 (discussing 9th Circuit's application of *Calder* to trademark infringement claim).

of the harm suffered by the plaintiff.  Third, defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *IMO*, 155 F.3d at 265-66 (applying *Calder*).

Here, taking all of Plaintiff's allegations as true, Defendant has intentionally engaged in unfair competition and trademark infringement, thus satisfying the first prong of the test.  In addition, because Voltaix's principal place of business is in New Jersey, the brunt of the harm is likely to have been felt in New Jersey, making New Jersey the focal point of the harm.  Thus, plaintiff's allegations also satisfy the second prong of the jurisdictional test.  However, Plaintiff has not alleged facts that suggest that Defendant expressly aimed his tortious conduct at the forum, and thus has failed to meet its burden on the third prong of the test.

Because Nanovoltaix's website is generally available nationwide, is not interactive, and does not deal with content that is particularly relevant to New Jersey it is not "expressly aimed" at New Jersey.  The Third Circuit has addressed similar situations in two recent defamation cases.  In the Third Circuit's first application of *Calder* to nationwide activities, it was held that although defamatory statements may have been disseminated throughout a nationwide professional community, because the statements were not specifically distributed to individuals in the forum state, the "expressly aimed" prong of the test was not met.  *Remick v. Manfredy*, 238 F.3d 241, 259 (3d Cir. 2001).  Similarly, in *Marten*, because Defendant's alleged defamatory statements were not sent to anyone in Pennsylvania other than defendant, the Third Circuit held that there had been no deliberate targeting of the state and the third step of the test had not been satisfied.  *Marten*, 499 F.3d at 298.  Here, while NanoVoltaix does operate a website which is available for viewing by New Jersey residents, it has not been alleged that NanoVoltaix expressly

aimed the website at New Jersey residents or has targeted its use of the name NanoVoltaix towards New Jersey residents as compared to residents of other states.  There is no allegation that the material on the website refers to anything within New Jersey or is particularly relevant to the state, as was the case in *Calder*.  *Calder*, 465 U.S. at 789-90.  The Third Circuit has not directly addressed the implications of operating a passive website when personal jurisdiction is based on the *Calder* effects test.  However, it is noted that other circuits have found that "it is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong."[3]  *Brayton Purcell LLP v. Recordon & Recordon*, __ F.3d __ 2009, WL 2383035, at *4 (9th Cir. Aug. 5, 2009).  Thus, these alleged facts are insufficient to satisfy the third prong of the jurisdictional test.

     Plaintiff relies instead on the argument that Mr. de Waard's alleged knowledge of Voltaix's trademark and presence in New Jersey means that NanoVoltaix's decision to take on the name and mark NanoVoltaix was expressly aimed at New Jersey.  However, the fact that harm in a certain state was foreseeable is not enough to show that a defendant's actions were expressly aimed at the forum.  *Marten*, 499 F.3d at 298.  Rather, the "expressly aimed" prong of *Calder* has typically only been found satisfied when it was alleged that a defendant had a specific

---

[3] In contrast, other courts have found the requirements of *Calder* may be met if defendant operates a semi-interactive or interactive website.  *See Carefirst of Maryland , Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 399 (4th Cir. 2003) (discussing sliding scale approach to applying *Calder* to websites); *also Zippo Mfg. Co. V. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997) (articulating sliding scale approach).  Outside of the *Calder* context, the Third Circuit has held that operation of an interactive – rather than passive – website would not subject a defendant to jurisdiction in a state without further evidence that defendant "purposefully availed" itself of the forum by targeting its website to residents of that state, or knowingly interacting with residents of the state through the website.  *Toys "R" Us*, 318 F.3d at 454.

intent to harm plaintiff in the forum in question or directly targeted some of its activities to the forum.  For example, the Third Circuit found that a defendant's conduct had been "expressly aimed" at Pennsylvania when the purpose of defendant's actions was to prevent plaintiffs, Pennsylvania residents, from collecting on a judgement rendered in their favor.  *Gambone v. Lite Rock Drywall*, 288 Fed. Appx. 9, 13-14 (3d Cir. 2008).  Here, through its principal Mr. de Waard, NanoVoltaix may have been aware of Plaintiff's presence in New Jersey and that the brunt of the harm of any intentional trademark infringement would be felt in New Jersey.  However, these facts on their own only establish foreseeability, not the "deliberate targeting" of the forum state required for the exercise of personal jurisdiction.[4]  *Marten*, 499 F.3d at 298; *IMO*, 155 F.3d at 266.  Therefore, there is no basis for the exercise of personal jurisdiction by this Court in this action.

Because this Court lacks personal jurisdiction over Defendant, the Court will grant the motion to dismiss.  Defendant's Motion to Strike portions of the declaration of Mr. Pikulin will be denied as moot.

---

[4] A hypothetical raised by the Third Circuit in *IMO* seems particularly relevant here. Discussing a hypothetical involving intentional interference with a business opportunity, the Court noted that, "the fact that Y (our tortfeas[er]) knew that W (its competitor) was owned by X (the New Jersey company) and that X would experience the injury caused by the drop in W's value at its headquarters in New Jersey would not by itself be enough to meet X's burden to show that Y 'expressly aimed' its conduct at New Jersey." *IMO,* at 265, n.8.  We can draw a direct analogy to the current action.  The fact that NanoVoltaix allegedly knew that the trademark VOLTAIX was owned by Voltaix, a New Jersey company, and that Voltaix would experience the injury caused by the alleged trademark infringement at its headquarters in New Jersey does not by itself meet Voltaix's burden of showing that NanoVoltaix's conduct was "expressly aimed" at New Jersey.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of October, 2009,

ORDERED that Defendant's Motion to Dismiss, [7], is GRANTED, and it is further

ORDERED that Defendant's Motion to Strike, [15], is DENIED, and it is further

ORDERED that this case is CLOSED.

                                             s/ Anne E. Thompson
                                             ANNE E. THOMPSON, U.S.D.J.